**U.S. Department of Justice**

_____

May 14, 2024

**VIA ECF**

The Honorable Reed O'Connor
United States District Court
Northern District of Texas, Fort Worth Division
501 West 10th Street, Room 201
Fort Worth, TX 76102-3673

      Re:    _United States v. The Boeing Company_, 4:21-cr-00005

Dear Judge O'Connor,

      The United States of America (the "Government") respectfully submits this letter to update the Court on the status of the Deferred Prosecution Agreement (ECF No. 4) (the "DPA"). Today, pursuant to Paragraph 27 of the DPA, the Government notified Defendant The Boeing Company ("Boeing") that the Government has determined that Boeing breached its obligations under DPA Paragraphs 21, 22, and 26(d), and DPA Attachment C, including Paragraphs 1, 3, 4, and 5 of that Attachment, by failing to design, implement, and enforce a compliance and ethics program to prevent and detect violations of the U.S. fraud laws throughout its operations.[1]

      For failing to fulfill completely the terms of and obligations under the DPA, Boeing is subject to prosecution by the United States for any federal criminal violation of which the United States has knowledge, including, but not limited to, the offense described in Paragraph 1 of the DPA and charged in the one-count Criminal Information that accompanied the DPA (ECF No. 1), or violations related to conduct described in the DPA's Statement of Facts.

      The Government is determining how it will proceed in this matter. Under Paragraph 27 of the DPA, within thirty days of receipt of written notice of a breach, Boeing "shall have the opportunity to respond to the [United States] in writing to explain the nature and circumstances of such breach, as well as the actions [Boeing] has taken to address and remediate the situation, which explanation the [United States] shall consider in determining whether to pursue prosecution of [Boeing]." The Department has directed Boeing to provide any such response by June 13, 2024. Further, the Government will continue to confer with the family members of the victims of the Lion Air Flight 610 and Ethiopian Airlines Flight 302 crashes ("victims") and the airline

_____

[1] Nothing in the notification to Boeing limits the Department's ability to determine, during the remainder of the six-month evaluation period following the end of the term of the DPA, that Boeing breached any other obligations set forth in the DPA, should the facts so warrant. Nor does the government's breach notice to Boeing limit the Department's ability to continue investigating potential misconduct by Boeing either during the remainder of the six-month evaluation period or thereafter.

customers, and their counsel, about next steps. To that end, the Government separately notified the victims and the airline customers today of the breach determination. The Government also has already scheduled a conferral session for May 31, 2024, with the victims. The Government last conferred with the victims on April 24, 2024, to discuss the issue of whether Boeing breached the DPA.

The Government will inform the Court once it has decided on how to proceed, but no later than July 7, 2024. Pursuant to the Court's January 24, 2021 Order (ECF No. 13), that is the date through which the computation of time in which a trial must be commenced has been excluded under the Speedy Trial Act.

Respectfully submitted,

GLENN S. LEON
Chief, Fraud Section, Criminal Division
United States Department of Justice

LEIGHA SIMONTON
United States Attorney
Northern District of Texas

By: *s/ Lorinda I. Laryea*
Lorinda I. Laryea,
Principal Deputy Chief
D.C. Bar No. 997696
lorinda.laryea@usdoj.gov

By: *s/ Chad E. Meacham*
Chad E. Meacham
Assistant United States Attorney
Texas Bar No. 00784584
chad.meacham@usdoj.gov

United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
202-514-2000

United States Attorney's Office
Northern District of Texas
801 Cherry Street, 17th Floor
Fort Worth, TX 76102
817-252-5200

cc: Counsel of Record (via ECF)